Bradley Christopher STARK, Plaintiff–Appellant

v.

Loretta LYNCH, U.S. Attorney General; Richard B. Roper, U.S. Attorney Northern District of Texas (former); James T. Jacks, Acting U.S. Attorney Northern District of Texas (former); Sarah R. Saldana, U.S. Attorney Northern District of Texas; Paul L. Yanowitch, Assistant U.S. Attorney; Christopher Stokes, Assistant U.S. Attorney; Laura Schlier, IRS Criminal Investigation Supervisor; Ronald Loecker, IRS Criminal Investigation Agent; Timothy Neylan, FBI Special Agent, Defendants–Appellees.

No. 14–11139.

United States Court of Appeals, Fifth Circuit.

Aug. 6, 2015.

Bradley Christopher Stark, Ashland, KY, pro se.

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM: *

Bradley Christopher Stark, federal prisoner # 69122–053, filed a civil action in the district court purporting to seek confirmation of an arbitration award. Because

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stark had asserted claims against federal officials in their individual capacities, the district court properly construed the complaint as asserting claims under *Bivens v. Six Unknown Named Agents ("Bivens")*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). It determined that Stark's claims against the United States and against the individual defendants in their official capacity were barred by sovereign immunity; that the defendant prosecutors were entitled to absolute prosecutorial immunity; and that Stark's remaining claims against the defendant IRS and FBI agents were subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477, 486, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). It determined also that Stark had failed to exhaust his administrative remedies with respect to any claim asserted under the Federal Tort Claims Act. To the extent that Stark wished to challenge his conviction and confinement, the district court determined, he could not do so in the context of a *Bivens* action. The claims were dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). Stark's in forma pauperis (IFP) status was decertified.

Stark has applied in this court for leave to proceed IFP on appeal. Stark's motion is construed as a challenge to the district court's determination that his appeal has not been brought in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.1997).

Stark argues that the district court mischaracterized his complaint and that his intent was only to confirm an arbitration award. Stark has not shown that the appeal involves legal points arguable on their merits. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983). Leave to proceed IFP is denied and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n. 24; *see also* 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), as does the district court's dismissal. *See Adepegba v. Hammons*, 103 F.3d 383, 385–87 (5th Cir.1996). Stark is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury. *See* § 1915(g).

MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.